991 F.2d 662
 UNITED STATES of America, Plaintiff-Appellee,
v.
Orlando LASTRA, Pedro Ramirez Palacios, Rodolfo Castillo
Ponce, Danilo Antonio-Contreras, Jorge Domingo Romon-Gomez,
Jaime Puebla Lopez, Luis Pacheco Torres, Albo Roman Moras
Moraguez, Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellant,
v.
Alejandro GARATE-VERGARA, Santiago Roman-Bernel, Quintin
Antivilo, Sergio Roman-Gomez and Manuel
Olivares-Bermudez, Defendants-Appellees.
 Nos. 87-5851, 87-5986.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 30, 1991.
As Amended April 30, 1993.
 
 Lawrence F. Ruggiero, New York City, for Orlando Lostra.
 Robert N. Berube, Asst. Federal Public Defender, Ft. Lauderdale, FL, for Jorge Domingo Romon-Gomez.
 Kathy Hamilton, Coconut Grove, FL, for Jaime Puebla Lopez.
 Lee Weissenborn, Miami, FL, for Albo Roman Moras Moraguez.
 Dennis Kainen, Law Offices of Alan Weisberg, Miami, FL, for Danilo Antonio-Contreras.
 Thomas Almon, Miami, FL, for Luis Pacheco Torres.
 Michael J. O'Kane, P.A., Miami, FL, for Rodolfo Castillo Ponce.
 Thomas A. O'Malley, Asst. U.S. Atty., West Palm Beach, FL, Linda Collins Hertz, Asst. U.S. Atty., Mayra Reyler Lichter, Asst. U.S. Atty., Miami, FL, for U.S.
 Kenneth W. Lipman, Siegel & Lipman, Boca Raton, FL, for Santiago Roman-Bernel.
 Ruben M. Garcia, FL, for Quintin Antivilo.
 Ralph Michael Hursey, Ft. Lauderdale, FL, for Sergio Roman-Gomez.
 Ken Lange, Law Office of Ken Lange, Bay Harbor Islands, FL, for Manuel Olivares-Bermudez.
 Luis Fernandez, Miami, FL, for Alejandro Garate-Vergara.
 Appeal from the United States District Court for the Southern District of Florida; William J. Zloch, Judge.
 Before KRAVITCH and BIRCH, Circuit Judges, and DYER, Senior Circuit Judge:
 PER CURIAM:
 
 
 1
 The motion of the United States to correct the above opinion is granted. The opinion at 942 F.2d 1543 is modified as follows:
 
 
 2
 In the section entitled "AUTHENTICATION", by deleting in its entirety the last paragraph which reads:
 
 
 3
 Even if the proper chain of authentication was established and the trial court's exclusion of the Soto document was error, the error was harmless because the United States established a basis of jurisdiction other than consent, namely statelessness, discussed infra.
 
 
 4
 942 F.2d at 1554.
 
 
 5
 In the section entitled "JURISDICTION", by deleting in its entirety the second sentence of the second paragraph on page 1554 which reads:
 
 
 6
 The distinction is important because at defendants' trial evidence that the ATLANTIC TRADER was assimilated to statelessness was presented to the jury, but evidence of consent by the government of honduras was presented only to the trial judge as an issue of law.
 
 
 7
 Id. at 1555.
 
 
 8
 Further, in the section entitled "JURISDICTION", by deleting in its entirety the last two sentences which read:
 
 
 9
 At no point in the trial did the government abandon assimilation to statelessness as a basis for asserting jurisdiction over the vessel. Therefore, we need not decide whether the government's proffer on consent was sufficient for the same purpose.
 
 
 10
 Id. at 1555; and inserting in lieu thereof the following:
 
 
 11
 The document, however, also was published to the jury, thus both independent bases of jurisdiction were submitted to the trial court and the jury.
 
 
 12
 Except as modified, the opinion remains in full force and effect.