UNITED STATES of America, Plaintiff–Appellee,

v.

Michael MEDJUCK, and Arthur John Jung, aka Charles Peter Sotirkys, Defendants–Appellants.

Nos. 93–10507, 93–10648.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 1994.

Decided Feb. 3, 1995.

* The Honorable Samuel P. King, Senior District Judge for the District of Hawaii, sitting by designation.

John J.E. Markham, III and Elizabeth L. Read, Markham & Read, San Francisco, CA, and Abraham D. Sofaer & Steven Corliss, Hughes, Hubbard & Reed, Washington, DC, for defendant-appellant Medjuck.

Arthur K. Wachtel & Deborah E. Lewis, and Doron Weinberg, Weinberg & Wilder, San Francisco, CA, for defendant-appellant Sotirkys.

Kent Walker & Lewis A. Davis, Asst. U.S. Attys., San Francisco, CA, for plaintiff-appellee U.S.

Before: SKOPIL, SCHROEDER and RYMER, Circuit Judges.

SKOPIL, Senior Circuit Judge:

Michael Medjuck and Arthur John Jung, aka Charles Peter Sotirkys (hereinafter "Sotirkys"), appeal from judgments of conviction for violations of the Maritime Drug Law Enforcement Act (MDLEA), 46 U.S.C.App. §§ 1903–04. They contend that the district

court erred by ruling as a matter of law that statutory and constitutional requirements for assertion of subject matter jurisdiction were satisfied in this case. We agree that the district court erred by not submitting the jurisdictional element of the crime to the jury, and by not requiring the government to demonstrate a sufficient nexus between defendants and the United States to satisfy due process. Accordingly, we reverse and remand for further proceedings.

## FACTS AND PRIOR PROCEEDINGS

Medjuck, a Canadian citizen, and Sotirkys, an American citizen, were members of an extensive international conspiracy to smuggle drugs. The conspirators owned and operated a ship, the Saratoga Success, in which they attempted to transport 28 tons of hashish from Pakistan to Canada. The Saratoga Success never reached Canada. After a series of incidents, the ship beached in the Philippines. Sotirkys thereafter met with other conspirators in Amsterdam, the Philippines, and Singapore. They agreed to secure the Lucky Star, a vessel registered in St. Vincent, a sovereign island nation in the British West Indies. They arranged to have the Lucky Star loaded with the 28 tons of hashish from the Saratoga Success and an additional 42 tons of hashish from Pakistan.

Meanwhile, Medjuck and others were responsible for securing a ship to rendezvous with the Lucky Star approximately 800 miles northwest of Midway Island, in order to offload and transport the hashish to Canada. Medjuck financed the hiring of the Barbara H., and her American captain and crew. Unknown to Medjuck, the captain and crew of the Barbara H. were U.S. Customs and FBI undercover agents.

On June 23, 1991, the two ships met, but due to inclement weather and rough seas, only 2.4 tons of hashish were offloaded. The captain of the Lucky Star refused to attempt a second rendezvous, and despite the coconspirators' objections, proceeded back to Asia. After tracking the Lucky Star for several days, two United States Navy destroyers intercepted the vessel. A Coast Guard officer assigned to one of the destroyers sought permission to board the Lucky Star. The captain of the Lucky Star consented, and the vessel was boarded, secured, and directed to proceed to Hawaii while the Coast Guard awaited the flag nation's consent to the assertion of United States jurisdiction. Ten days later, as the Lucky Star neared Hawaii, St. Vincent, the flag nation, gave its consent. When the ship arrived in Honolulu, the cargo was seized and the crew incarcerated.

During this time, the Barbara H., still controlled by undercover agents, sailed toward Hawaii, where the 2.4 tons of hashish were offloaded and flown to California. Agents thereafter met with two coconspirators and agreed to transfer the drugs to a location in California. Five individuals were arrested when they arrived to take possession. Medjuck was arrested in Seattle; Sotirkys surrendered to U.S. officials in Singapore.

All seven were charged with violating the MDLEA, 46 U.S.C.App. § 1903(a), conspiring to violate the Act, 46 U.S.C.App. § 1903(j), conspiring to import 70 tons of hashish into the United States, 21 U.S.C. § 846, and possessing 2.4 tons of hashish with intent to distribute, 21 U.S.C. § 841(a)(1). Medjuck was also charged with obstructing justice, 18 U.S.C. § 1512, and Sotirkys was charged with fraudulently using a passport, 18 U.S.C. § 1544, and making false customs declarations, 18 U.S.C. § 1001. The captain and crew of the Lucky Star were prosecuted in separate proceedings. *United States v. Rasheed*, 802 F.Supp. 312 (D.Hawaii 1992), *aff'd, United States v. Khan*, 35 F.3d 426 (9th Cir.1994).

In pretrial proceedings, Medjuck and Sotirkys challenged the jurisdiction of the United States to prosecute them under section 1903. The court ruled that it would instruct the jury as a matter of law that the jurisdictional requirements of section 1903 were satisfied, and that no proof of nexus to the United States was required. The court also ruled as a matter of law that flag nation consent may be obtained after law enforcement agents board and control a vessel, and that the Navy's participation in the seizure of the Lucky Star did not violate the Posse Comitatus Act, 18 U.S.C. § 1385.

Based on these rulings, Medjuck conditionally pleaded guilty to violating section 1903, and reserved the right to appeal the trial court's rulings on jurisdiction and flag nation consent. Sotirkys was tried before a jury and found guilty of the counts alleging violations of section 1903, the use of a fraudulent passport, and making false customs declarations. With respect to section 1903, the jury was instructed that "it is not for you to determine ... the jurisdiction of the United States, ... those issues are for the court to decide and I hereby instruct you, as a matter of law, that the Lucky Star was subject to the jurisdiction of the United States."

## DISCUSSION

### 1. Jurisdiction

Defendants contend that the district court erred by determining as a matter of law that the statutory and constitutional requirements for assertion of subject matter jurisdiction were satisfied in this case. The trial court denied defendants' request for an evidentiary hearing on their jurisdictional challenges, and ruled that the questions regarding jurisdiction would not be submitted to the jury.

### a. Statutory Requirements

The MDLEA prohibits drug activity by "any person on board a vessel of the United States, or on board a vessel subject to the jurisdiction of the United States, or who is a citizen of the United States or a resident alien of the United States on board any vessel." 46 U.S.C.App. § 1903(a). A "vessel subject to the jurisdiction of the United States" includes "a vessel registered in a foreign nation where the flag nation has consented or waived objection to the enforcement of United States law by the United States." 46 U.S.C.App. § 1903(c)(1)(C).

■ We agree with defendants that the district court erred by not submitting to the jury the question whether the Lucky Star was a vessel subject to the jurisdiction of the United States. There is general agreement that the jurisdiction requirement found in section 1903(a) is an element of the crime charged and therefore must be decided by the jury. *See Singleton v. United States,* 26 F.3d 233, 236 (1st Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 517, 130 L.Ed.2d 423 (1994); *United States v. Martinez–Hidalgo,* 993 F.2d 1052, 1057 (3d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 699, 126 L.Ed.2d 666 (1994); *United States v. Garate–Vergara,* 942 F.2d 1543, 1554–55 (11th Cir.1991), *amended,* 991 F.2d 662, *cert. denied,* 502 U.S. 1110, 112 S.Ct. 1212, 117 L.Ed.2d 451 (1992); *United States v. Maynard,* 888 F.2d 918, 926 n. 4 (1st Cir.1989); *United States v. Potes,* 880 F.2d 1475, 1478 n. 1 (1st Cir.1989). We have noted in dictum that an element of the offense is that the vessel must be "subject to the jurisdiction of the United States." *United States v. Nukida,* 8 F.3d 665, 670 (9th Cir.1993) (discussing *United States v. Ayarza–Garcia,* 819 F.2d 1043, 1048–49 (11th Cir.) (jurisdictional requirement of predecessor statute, 21 U.S.C. § 955a, is an element of the crime that must be submitted to a jury), *cert. denied,* 484 U.S. 969, 108 S.Ct. 465, 98 L.Ed.2d 404 (1987)).

■ The district court's error of improperly instructing the jury cannot be deemed harmless error. *See United States v. Gaudin,* 28 F.3d 943, 951 (9th Cir.1994) (en banc), *cert. granted in part,* —— U.S. ——, 115 S.Ct. 713, 130 L.Ed.2d 621 (1995). "When proof of an element is completely removed from the jury's determination, there can be no inquiry into what evidence the jury considered to establish that element because the jury was precluded from considering whether the element existed at all." *Id.* It was reversible error for the district court not to submit the jurisdiction element to the jury.

### b. Constitutional Requirements

■ The MDLEA was intended by Congress to provide for the extraterritorial enforcement of United States drug laws. 46 U.S.C. § 1903(h). There is generally no constitutional bar to such extraterritorial application of domestic penal laws. *United States v. Felix–Gutierrez,* 940 F.2d 1200, 1204 (9th Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 2332, 124 L.Ed.2d 244 (1993). We require only that Congressional intent of extraterritorial scope be clear and that application of the statute to the acts in question not violate the due process clause of the Fifth

Amendment. *United States v. Davis*, 905 F.2d 245, 248 (9th Cir.1990), *cert. denied*, 498 U.S. 1047, 111 S.Ct. 753, 112 L.Ed.2d 773 (1991). Due process is not offended as long as there is a sufficient nexus between the conduct condemned and the United States. *United States v. Aikins*, 946 F.2d 608, 613 (9th Cir.1990).

■ We agree with defendants that the district court erred by ruling as a matter of law that the government need not demonstrate nexus in this case. We have recognized that such proof is necessary for the prosecution of crew members aboard a foreign flag vessel. *See United States v. Juda*, 46 F.3d 961 (9th Cir.1995); *United States v. Khan*, 35 F.3d 426, 429 (9th Cir.1994). The district court apparently recognized its error when, after sentencing and during the pendency of these appeals, it issued an "Order of Clarification" regarding its prior ruling. The court acknowledged that the government is required to prove nexus. The court found that "[i]t is clear from the evidence produced at trial that there was sufficient, indeed overwhelming, evidence of defendant Sotirkys' nexus with the United States." The court further concluded that "the government produced sufficient evidence from which a reasonable jury could conclude that the hashish was intended for distribution in the United States." The order did not mention Medjuck.

We agree with defendants that the government has the burden of demonstrating such a nexus and that defendants should have the opportunity for rebuttal on remand. Medjuck entered a conditional plea after the district court ruled that no nexus was required and had denied Medjuck's request for an evidentiary hearing. Sotirkys went to trial but evidence of nexus was precluded by the court's pretrial ruling. Thus, neither defendant has had the opportunity to rebut the evidence relied upon by the district court in its clarification order.

### 2. *Flag Nation Consent*

■ Defendants contend that the district court erred by deciding as a matter of law that flag nation consent was not required prior to boarding, and therefore defendants "possessed" the drugs at the time consent was actually received. We reject the contention. In *Khan*, we held that the Coast Guard properly seized the Lucky Star before receiving consent from the flag nation. *Khan*, 35 F.3d at 430. We noted that the Coast Guard secured the ship only to prevent escape, and that the crew was not arrested until after St. Vincent consented. *Id.* Under the same rationale, we conclude that it was entirely reasonable for the Coast Guard to secure the contraband until jurisdiction was obtained. Thus, we reject defendants' claim that they did not possess the drugs at the time flag nation consent was obtained.

### 3. *Posse Comitatus Act*

■ Sotirkys contends that the extensive use of naval personnel in the search and seizure of the Lucky Star violated the Posse Comitatus Act, 18 U.S.C. § 1385, and a related statute, 10 U.S.C. § 375, which together prohibit the direct participation by military personnel in civilian search, seizure, arrest, or other similar activities unless expressly authorized by law. We disagree. The identical contention was raised by the Lucky Star crew, and rejected in *Khan*, 35 F.3d at 431–32.

### CONCLUSION

We conclude that the district court erred by not submitting the jurisdictional element of the crime to the jury. and. by ruling that the government was not required to demonstrate a nexus between defendants and the United States. Sotirkys' conviction on the section 1903 charges is reversed and remanded. Medjuck's plea is vacated, and the matter remanded for further proceedings.

**REVERSED AND REMANDED.**