87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul GREYSHOCK, Defendant-Appellant.
 No. 95-16289.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Greyshock appeals pro se the district court's dismissal of his 28 U.S.C. § 2255 motion challenging his 1989 guilty plea to violating the Maritime Drug Law Enforcement Act (MDLEA). 46 U.S.C. § 1903.[1] We have jurisdiction pursuant to 28 U.S.C. § 2255, and affirm.
 
 
 3
 Greyshock contends that the district court erred by dismissing his section 2255 motion because given a subsequent change in law, his guilty plea could not have been knowing and voluntary. This contention lacks merit.
 
 
 4
 A guilty plea is valid if it is both intelligent and voluntary, Boykin v. Alabama, 395 U.S. 238, 242 (1969); Moran v. Godinez, 40 F.3d 1567, 1575 (9th Cir.1994), amended, 57 F.3d 690 (1995), cert. denied, 116 S.Ct. 479 (1995), however, "a voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise," Brady v. United States, 397 U.S. 742, 757 (1969); cf. United States v. Cortez, 973 F.2d 764, 768 (9th Cir.1992).
 
 
 5
 Here, in 1989, the district court denied Greyshock's pretrial motion to dismiss his indictment where he argued that the United States lacked consent to prosecute him under the MDLEA. United States v. Greyshock, 719 F.Supp. 927, 934 (D.Haw.1989). The district court found, as a matter of fact, that Cook Island had consented to Greyshock's prosecution under the MDLEA. Id. The district court also noted that the issue of consent was an issue of law to be decided by the court. Id. at 934-35. Greyshock subsequently pleaded guilty to violating 46 U.S.C. § 1903. See United States v. Davidson, No. 89-10349 (consolidated) (9th Cir. Aug. 8, 1990) (unpublished memorandum disposition affirming Greyshock's sentence), cert. denied, 498 U.S. 1126 (1991).
 
 
 6
 At the time of Greyshock's plea in 1989, the issue of whether consent was an issue of law or fact had not been decided in this circuit, but two other circuits had held that consent was an issue of law. See Greyshock, 719 F.Supp. at 934-35 n. 2 (citing cases from the Fourth and Eleventh Circuits). In 1995, this court held that the issue of consent under 46 U.S.C. § 1903(a) "is an element of the crime charged and therefore must be decided by the jury." United States v. Medjuck, 48 F.3d 1107, 1110 (9th Cir.1995). Because Greyshock's guilty plea was "intelligently made in light of the then applicable law," this circuit's subsequent decision in Medjuck does not render Greyshock's plea subject to withdrawal seven years later. Brady, 397 U.S. at 757. Accordingly, the district court's dismissal is
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the dismissal of the motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Greyshock does not challenge his conviction under 18 U.S.C. § 2232