**UNITED STATES of America**

v.

**William GREER, a/k/a "Thomas William Dodds," Stephen Hutchins, Michael Maple, Thomas Cook, a/k/a "George Wright," Gregory Stevens, Martin Scott, and Glen Koski, Defendants.**

**No. 2:95–CR–72.**

United States District Court,
D. Vermont.

Feb. 19, 1997.

Robert Francis O'Neill, Gravel & Shea, Burlington, VT, Paul S. Volk, Blodgett, Watts & Volk, Burlington, VT, Robert Kalina, Rubin & Bailin, New York City, for Greer.

Mark Alan Kaplan, Jarvis & Kaplan, Burlington, VT, Barry Edward Griffith, Griffith & Lundeen, P.C., Rutland, VT, Theodore Frederic Robare, Theodore Robare, P.C., Rutland, VT, for Hutchins.

Bradley Specht Stetler, Stetler & Allen, Burlington, VT, for Cook.

Mark John Keller, Cain & Keller, Burlington, VT, for Stevens.

Richard C. Bothfeld, Bothfeld & Volk, P.C., Burlington, VT, L. Randolph Amis, III, L. Randolph Amis, P.C., Burlington, VT, for Peryea.

Robert Andres, Burlington, VT, for Carr.

David J. Williams, Sleigh & Williams, St. Johnsbury, VT, for Scott.

Barry Edward Griffith, Griffith & Lundeen, P.C., Rutland, VT, for Cunningham.

Paul S. Volk, Blodgett, Watts & Volk, Burlington, VT, for Desautel.

Martin A. Maley, Kissane Associates, St. Albans, VT, for Koski.

Thomas D. Anderson, David V. Kirby, Asst. U.S. Attys., Burlington, VT, for U.S.

## OPINION AND ORDER: MULTIPLICITY

SESSIONS, District Judge.

The Defendants have challenged various counts of the superseding indictment [1] as duplicitous or multiplicitous (papers 72, 97, 103, 241). They alternatively seek dismissal of the offending counts, or to require the government to elect the counts on which it will proceed. Defendant Hutchins has also moved for severance from his co-defendants on Count 2 of the original indictment (paper 84). The Defendants have also moved to dismiss Count IV for selective prosecution (paper 241). For the reasons that follow, Defendants' motions to dismiss and/or elect and to sever are denied.

### I. Duplicity

Defendant Stevens has moved to dismiss Counts I and II as duplicitous. He argues that Counts I and II in fact charge four separate conspiracies, one that occurred in the 1980's, one whose goal was to import hashish from the Netherlands into Canada in 1989, one involving the exportation of currency from the United States into Canada, and one whose goal was to import hashish from the Netherlands into Canada in 1991.

An indictment is duplicitous if it joins two or more distinct crimes in a single count. *United States v. Murray*, 618 F.2d 892, 896 (2d Cir.1980). An indictment, therefore, may not charge multiple conspiracies in a single count. *Id.* A single conspiracy may have multiple objects, however, and "the allegation in a single count of a conspiracy to commit several crimes is not duplicitous." *Braverman v. United States*, 317 U.S. 49, 54, 63 S.Ct. 99, 102, 87 L.Ed. 23 (1942). Moreover, a single agreement to commit an offense does not become several conspiracies because it continues over a period of time. *Id.* at 52, 63 S.Ct. at 101.

In Count 1 the government has alleged a conspiracy to import and export hashish and marijuana in violation of 21 U.S.C. § 952 and § 953. In Count 2 the

---

**1.** Some of the motions asserting multiplicity or duplicity were filed before the superseding in- dictment was brought; however, their arguments are still pertinent to the superseding indictment.

government has alleged a conspiracy to distribute and possess with intent to distribute hashish, marijuana and cocaine in violation of 21 U.S.C. § 841(a)(1). The conspiracy charged in Count 1 alleges one continuing scheme of drug trafficking, involving smuggling drugs and money between Vermont and Quebec by different routes over the course of several years, and the importation and attempted importation of multi-ton quantities of hashish from Pakistan. The conspiracy charged in Count 2 alleges the same continuing scheme, with the additional claim that the defendants also obtained cocaine in Florida for distribution in Vermont.

The essence of the crimes charged in Counts 1 and 2 is an agreement to engage in drug trafficking. Neither Count 1 nor Count 2 is duplicitous on its face. The evidence at trial may prove a single conspiracy, multiple conspiracies or none at all. Whether the government has proved a single conspiracy or multiple independent conspiracies will be an issue for the jury to decide. *United States v. Aracri,* 968 F.2d 1512, 1519 (2d Cir.1992). Defendant Stevens' motion to dismiss (paper 103) is denied.

## II. Multiplicity

### A. Counts 1 and 2

The Defendants have moved to dismiss or require election on Counts 1 and 2 on the ground that they are multiplicitous. The Count 1 conspiracy charge is brought under 21 U.S.C. § 963, and the Count 2 conspiracy charge is brought under 21 U.S.C. § 846. The defendants, means and overt acts described are identical for both counts, with the exception that count 2 includes additional allegations involving cocaine.

■ An indictment is multiplicitous if it charges a single offense in more than one count. *United States v. Seda,* 978 F.2d 779, 780 (2d Cir.1992) (quoting *United States v. Maldonado–Rivera,* 922 F.2d 934, 969 (2d Cir.1990)). The doctrine derives from the double jeopardy clause of the Fifth Amendment to the United States Constitution, which prohibits multiple punishments for the same offense. *Id.* at 969. The test set forth in *Blockburger v. United States,* 284 U.S.

299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) is employed to determine whether Congress intended the same conduct to be punishable under two criminal provisions. *Ball v. United States,* 470 U.S. 856, 861, 105 S.Ct. 1668, 1671–72, 84 L.Ed.2d 740 (1985). The *Blockburger* test "requires that courts examine the offenses to ascertain 'whether each provision requires proof of a fact which the other does not.'" *Iannelli v. United States,* 420 U.S. 770, 785, n. 17, 95 S.Ct. 1284, 1294, n. 17, 43 L.Ed.2d 616 (1975) (quoting *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182).

■ In *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), the United States Supreme Court considered whether Congress intended consecutive sentences to be imposed for convictions of violating sections 846 and 963 as part of a single course of conduct. Applying *Blockburger,* the Court determined that the statutes at issue described separate offenses "the violations of which can result in the imposition of consecutive sentences." *Albernaz,* 450 U.S. at 339, 101 S.Ct. at 1142.

*Albernaz* dictates the conclusion that Counts 1 and 2 of this indictment do not pose a multiplicity problem. *See also United States v. Nakashian,* 820 F.2d 549 (2d Cir. 1987). The Defendants' motions to dismiss or elect with regard to Counts 1 and 2 are denied.

### B. Counts 1, 2 and 3

■ The Defendants have also moved to require election between Counts 1 and 2, and Count 3, which charges them with conducting a continuing criminal enterprise, in violation of 21 U.S.C. § 848. In its recent decision in *Rutledge v. United States,* —— U.S. ——, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996), the United States Supreme Court, again applying *Blockburger,* held that Congress intended to authorize only one punishment for convictions of sections 846 and 848 stemming from the same conduct. It concluded that § 846, conspiracy, is a lesser included offense of § 848, continuing criminal enterprise. *Id.* at ——, 116 S.Ct. at 1247.

Defendants' motion to require election between the conspiracy charge and the continu-

ing criminal enterprise charge is denied as well. *Rutledge* indicates that the appropriate method of avoiding unauthorized multiple punishment in this situation is by a lesser included offense jury instruction. *Id.* at ——, n. 16, 116 S.Ct. at 1250, n. 16.

### C. Counts 2 and 4

Defendant Greer has moved to dismiss Count 4 as multiplicitous of Count 2. Count 2 alleges a conspiracy to distribute and possess with intent to distribute hashish and marijuana. Count 4 alleges a conspiracy to have a United States citizen on board a vessel distribute and possess with intent to distribute hashish.

■ Again, *Blockburger* supplies the test: "whether each provision requires proof of a fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182. The conspiracy charged in Count 2 included the conduct charged in Count 4. However, Count 4 requires proof of facts that Count 2 does not, specifically that a United States citizen was on board a vessel trafficking in drugs, or that an individual was trafficking in drugs on board a vessel subject to the jurisdiction of the United States. The Count 2 conspiracy, although it embraces the conduct alleged in Count 4, does not require proof of the elements of the Count 4 conspiracy to achieve a conviction. There is no multiplicity.

### III. Severance

Defendant Hutchins has requested a separate trial on Count 2 of the original indictment, asserting that the Government does not have credible evidence that he was involved in any conspiracy to traffic in cocaine. Count 2 of the superseding indictment explicitly asserts that Michael Johnson and James Mayo transported kilogram quantities of cocaine from Florida to Vermont for Defendants Greer and Hutchins.

Rule 8(b) of the Federal Rules of Criminal Procedure provides that two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions. Rule 14 of the Federal Rules of Criminal Procedure provides for relief from prejudicial joinder by permitting severance of defendants or counts or any other relief that justice may require.

On a motion to sever under Fed.R.Crim.P. 14, a defendant bears the burden of demonstrating that joinder is so prejudicial as to amount to a miscarriage of justice. *United States v. Cervone,* 907 F.2d 332, 341 (2d Cir.1990). Hutchins has not met this burden.

■ Count 2 of the superseding indictment charges, as part of a conspiracy among all the defendants to distribute hashish, marijuana and cocaine, that Hutchins participated with Greer in conspiring to have quantities of cocaine transported to Vermont from Florida. Multiple defendants may be tried together "if the charged acts are part of a 'series of acts or transactions constituting an offense or offenses.'" *United States v. Turoff,* 853 F.2d 1037, 1043 (2d Cir.1988) (citing 1 C. Wright, *Federal Practice and Procedure* § 144, at 508–09 (2d Ed.1982)).

Whether the cocaine conspiracy proves to be part of the overall conspiracy alleged in Count 2, and whether the Government can prove that Hutchins was a participant are issues that must be resolved at trial. Hutchins has not demonstrated at this stage that joinder is so prejudicial that severance on Count 2 is warranted.

### IV. Selective Prosecution

Defendant Greer has also moved to dismiss Count 4, a charge of violating the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C.App. § 1903, (Supp. 1996), alleging that he and his co-defendants are victims of selective prosecution. The standard for demonstrating selective prosecution is demanding: a "'presumption of regularity supports' ... prosecutorial decisions and 'in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.'" *United States v. Armstrong,* —— U.S. ——, ——, 116 S.Ct. 1480, 1486, 134 L.Ed.2d 687 (1996) (quoting *United States v. Chem. Found., Inc.,* 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926)).

A prosecutor's discretion is subject to constitutional constraints, *United States v. Batchelder*, 442 U.S. 114, 125, 99 S.Ct. 2198, 2204–05, 60 L.Ed.2d 755 (1979), in particular the equal protection component of the due process clause of the Fifth Amendment, which prohibits selective prosecution based on an "unjustifiable standard such as race, religion, or other arbitrary classification." *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962). In order to overcome the presumption of regularity, a defendant must present "clear evidence to the contrary" of prosecution based on an unjustifiable standard. *Armstrong*, —— U.S. at ——, 116 S.Ct. at 1486.

■ Greer makes no claim that he and his co-defendants are members of a protected class by virtue of their race, religion or other qualification. He apparently claims that because he and his co-defendants are being prosecuted under the MDLEA, they have been denied a constitutional right to be treated fairly and equally, unlike other similarly situated individuals.

Greer's claim that he has been singled out for prosecution is unpersuasive. As far as the Court is aware, this is the first MDLEA prosecution undertaken in the District of Vermont. The Court disagrees, however, that no prosecutions under the MDLEA have been undertaken against defendants who were not on vessels boarded on the high seas. For example, in *United States v. Medjuck*, 48 F.3d 1107 (9th Cir.1995), *on remand* 937 F.Supp. 1368 (N.D.Cal.1996), several members of an international conspiracy to import 70 tons of hashish into North America were arrested in California, Washington and Singapore, after two tons of the contraband were off loaded from one ship to another ship and eventually flown to California. They were charged with conspiring to violate the MDLEA, among other offenses.

Assuming, nonetheless, that Greer and his co-defendants have been singled out for prosecution, they have not shown that their selection was based upon an "unjustifiable standard" such as race, religion, national origin, gender, or exercise of First Amendment rights. Having failed to present clear evidence of an equal protection violation, Greer's motion to dismiss Count 4 for selective prosecution must be denied.

## CONCLUSION

For the reasons stated above, Defendants' motions to dismiss and/or elect and to sever (papers 72, 84, 97, 103, and 241) are denied.