**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raniel Bonifacio AMPARO,**
**Defendant–Appellant.**

No. 94–10542.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 14, 1995.

Decided Oct. 31, 1995.

Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.

FLETCHER, Circuit Judge:

Defendant Raniel Bonifacio Amparo appeals from his jury convictions on federal firearms charges. On appeal he argues that the district court erred by instructing the jury that as a matter of law possession of an unregistered sawed-off shotgun is a crime of violence under 18 U.S.C. § 924(c)(3)(B). We affirm.

## I. FACTS AND PRIOR PROCEEDINGS

An undercover ATF agent arrested Amparo after feigning purchase of a sawed-off shotgun from him. At the time of his arrest, Amparo was carrying a loaded pistol. The shotgun was disassembled but operable when assembled.

Amparo was indicted on two counts. Count I charged Amparo with possession of an unregistered firearm (the disassembled sawed-off shotgun) in violation of 26 U.S.C. § 5861(d). Count II charged Amparo with carrying a firearm (the loaded pistol) in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1).

At trial, the district court gave the jury the following instructions with respect to Count II:

In order to prove the offense charged in Count Two of the Indictment, the government must prove the following essential elements beyond a reasonable doubt:

*One:* the defendant committed the crime of possession of a sawed-off shotgun as charged in Count One of the Indictment, and

*Two:* during and in relation to the commission of that crime, the defendant knowingly used or carried a firearm.

Over the defendant's objection, the district court determined as a matter of law that possession of an unregistered sawed-off shotgun is a crime of violence under 18 U.S.C.

Kristine K. Smith, Assistant Federal Public Defender, Reno, Nevada, for defendant-appellant.

Robert A. Bork, Assistant United States Attorney, Reno, Nevada, for plaintiff-appellee.

§ 924(c)(3)(B). The trial judge instructed the jury:

> The term "crime of violence" means an offense that is a felony and has as one of its essential elements the use, attempted use, or threatened use of physical force against the person or property of another, or an offense that by its very nature involves a substantial risk that such physical force may be used in committing the offense.

> The offense alleged in Count One of the Indictment, Possession of a Sawed-Off Shotgun, is a crime of violence.

The jury found Amparo guilty on both counts. Amparo was sentenced to thirty-seven months on Count I and a consecutive sentence of sixty months on Count II. This timely appeal followed.

## II. JURISDICTION

The district court had jurisdiction under 18 U.S.C. § 3231. This court has jurisdiction over the district court's final judgment pursuant to 28 U.S.C. § 1291.

## III. STANDARD OF REVIEW

■ "[W]hether a jury instruction misstated elements of a statutory crime is a question of law and is reviewed de novo." *United States v. Spillone*, 879 F.2d 514, 525 (9th Cir.1989), *cert. denied*, 498 U.S. 864, 111 S.Ct. 173, 112 L.Ed.2d 137 (1990); *see also United States v. Johnson*, 956 F.2d 197, 199 (9th Cir.1992). Whether a jury instruction violated due process is also reviewed de novo. *United States v. Warren*, 25 F.3d 890, 897 (9th Cir.1994).

## IV. DISCUSSION

The defendant argues on appeal that the district court erred by instructing the jury as a matter of law that possession of an unregistered sawed-off shotgun is a "crime of violence" under 18 U.S.C. § 924(c)(3)(B). The defendant asserts that whether this offense is a "crime of violence" is a question of fact for the jury to decide, and not a question of law for the judge. To the contrary this circuit has adopted a categorical approach to determining which offenses are included under section 924(c) as "crimes of violence" obviating the need for fact finding by the jury. The jury must find the facts underlying the charged offense—possession of an unregistered sawed-off shotgun in this case—but the court determines whether that category of offense is a crime of violence.

■ The U.S. Constitution regulates the division of labor between judge and jury. The Sixth Amendment guarantees "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." The U.S. Supreme Court recently declared, "[t]he Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged." *United States v. Gaudin*, — U.S. —, —, 115 S.Ct. 2310, 2320, 132 L.Ed.2d 444 (1995); *see also Sullivan v. Louisiana*, — U.S. —, 113 S.Ct. 2078, 2080, 124 L.Ed.2d 182 (1993); *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). While the jury is the arbiter of the facts, the judge is the arbiter of the law: "the judge must be permitted to instruct the jury on the law and to insist that the jury follow his instructions." *Gaudin*, — U.S. at —, 115 S.Ct. at 2315 (citing *Sparf & Hansen v. United States*, 156 U.S. 51, 105-06, 15 S.Ct. 273, 294-95, 39 L.Ed. 343 (1895)). However, the jury has a constitutional responsibility "not merely to determine the facts, but to apply the law to those facts and draw the ultimate conclusion of guilt or innocence." *Id.* — U.S. —, 115 S.Ct. at 2316.

Count II of the indictment charged Amparo under 18 U.S.C. § 924(c)(1), which states:

> Whoever, during and in relation to any crime of violence ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ... be sentenced to imprisonment for five years....

For the purposes of this section, 18 U.S.C. § 924(c)(3) defines "crime of violence" as follows:

> "crime of violence" means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The defendant concedes that whether an offense is a crime of violence under subsection (A) is a matter of law: the court may settle it by simply examining the elements of the predicate offense. However, the defendant argues that subsection (B), which focuses on the "nature" of the offense, requires the jury to examine the circumstances of the defendant's crime to determine whether violence played a part. The defendant claims that because the sawed-off shotgun was disassembled and unloaded at the time of sale, the jury could have concluded there was no potential for violence and found him not guilty under Count II. Unfortunately for the defendant, his argument defies this circuit's categorical approach.

For the purposes of sentencing enhancements, this circuit has held that possession of an unregistered sawed-off shotgun is categorically a "crime of violence." *United States v. Dunn,* 946 F.2d 615, 620–21 (9th Cir.1991) (interpreting 18 U.S.C. § 16(b)); *United States v. Hayes,* 7 F.3d 144, 145 (9th Cir.1993) (interpreting U.S.S.G. § 4B1.2(1)), *cert. denied,* —— U.S. ——, 114 S.Ct. 1403, 128 L.Ed.2d 76 (1994). The defendant seeks to distinguish these cases on policy grounds: this court used a categorical approach in those cases to avoid "ad hoc mini-trials regarding an individual's prior convictions" during sentencing hearings. *United States v. Sherbondy,* 865 F.2d 996, 1008 (9th Cir. 1988). Amparo argues that because this policy is absent where the "crime of violence" charge is a substantive offense tried concurrently with the predicate offense, the categorical approach is inappropriate.

Amparo is correct that one justification for the categorical approach—the practical difficulties inherent in relitigating a prior conviction for purposes of enhancement—is not present in a section 924(c) case. However, this does not preclude a categorical approach to section 924(c).

In prior cases, this circuit has taken a categorical approach to section 924(c)(3)(B). In *United States v. Springfield,* 829 F.2d 860, 862–63 (9th Cir.1987), this court concluded that involuntary manslaughter is categorically a crime of violence under subsection (B) because by its nature it carries the risk of physical force. Similarly, this court ruled that conspiracy to rob is a subsection (B) crime and categorically is a crime of violence in *United States v. Mendez,* 992 F.2d 1488, 1490 (9th Cir.) ("This categorical approach is in contrast to the circumstantial or case-by-case method that requires the district court to inquire into the facts of the particular case."), *cert. denied sub nom. Chavez v. United States,* —— U.S. ——, 114 S.Ct. 262, 126 L.Ed.2d 214 (1993).

The legislative history to section 924(c) indicates that Congress intended a categorical approach to the "crime of violence" language in subsection (3)(B). The Senate Report stated:

The term means an offense ... that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or any felony that, by its nature, involves the substantial risk that physical force against another person or property may be used in the course of its commission. The former category would include a threatened or attempted simple assault or battery on another person; offenses such as burglary in violation of a State law and the Assimilative Crimes Act would be included in the latter category inasmuch as such an offense would involve the substantial risk of physical force against another person or against the property.

Senate Comm. on Judiciary, Comprehensive Crime Control Act of 1983, S.Rep. No. 98–225, 98th Cong., 2d Sess. 307 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3486–87.

Moreover, two other circuits have held that whether an offense is a crime of violence is a question of law. In *United States v. Weston,* 960 F.2d 212 (1st Cir.1992), the First Circuit held that threatening physical retaliation for

information given to law enforcement officials is categorically a crime of violence. The court reasoned that the matter "did not implicate the weighing of testimony, the assessment of credibility, the use of external facts, or the like." *Id.* at 217. In *United States v. Aragon,* 983 F.2d 1306 (4th Cir.1993), the Fourth Circuit held that for the purposes of 18 U.S.C. § 16(b)—a statute identical to section 924(c)(3)(B)—attempting to help a prisoner escape is categorically a crime of violence. The court reasoned that when the statute refers to an offense that "by its nature" involves a substantial risk of force, it "directs the court to look to the generic nature of an offense...." *Id.* at 1312.

Ours would be a closer case were it not for the uniform holdings under other statutes and in other contexts that mere possession of an unregistered firearm is a crime of violence. That determination having been made, application of a categorical approach to section 924(c)(3)(B) is required by our cases.

Contrary to the defendant's arguments, our holding today violates neither *Gaudin* nor this circuit's recent decision in *United States v. Medjuck,* 48 F.3d 1107 (9th Cir. 1995). In *Gaudin,* the U.S. Supreme Court affirmed the long-standing rule that juries have the constitutional duty to decide mixed questions of law and fact, —— U.S. at ——, 115 S.Ct. at 2314, and held that whether a matter is material is such a mixed question. *Id.* at 2320. Here, whether possession of a sawed-off shotgun is a crime of violence is a matter of law once the jury has determined the factual predicate that the defendant possessed an unregistered sawed-off shotgun. In *Medjuck,* we held that whether a vessel is within the jurisdiction of the United States— an element of a maritime drug statute— required a factual determination as to whether there was a nexus between the United States and the defendants. The court erroneously made that determination as a matter of law. It should have instructed that the jury must find nexus in order for the court to have jurisdiction.

## V. CONCLUSION

The district court properly instructed the jury that possession of an unregistered sawed-off shotgun is as a matter of law a "crime of violence" under 18 U.S.C. § 924(c)(3)(B). The district court's instructions were consistent with the language of the statute, the intent of Congress, and this circuit's categorical approach. We affirm.

**AFFIRMED.**