132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Fortunato GUERRERO-PINELA, Defendant-Appellant.
 No. 96-50433.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1997.
Decided Dec. 9, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CR-96-00250-JMI-1; James M. Ideman, District Judge, Presiding.
 Before GIBSON**, KOZINSKI and TROTT, Circuit Judges.
 MEMORANDUM*
 The district court excluded evidence of his mother's citizenship because it concluded that Guerrero-Pinela could not prove derivative citizenship. Because alienage is an element of the offense, see United States v. Meza-Soria, 935 F.2d 166, 168 (9th Cir.1991), the district court erred as a matter of law in holding that Guerrero-Pinela had to carry the burden of showing derivative citizenship (i.e., non-alienage) as an affirmative defense. See United States v. James, 987 F.2d 648, 651 (9th Cir.1993) (government bears burden of proving every element of crime). The district court in United States v. Aguilar, 883 F.2d 662, 692-93 (9th Cir.1989), excluded evidence regarding the affirmative defense of necessity, not evidence going to an essential element of the crime. "A district court by definition abuses its discretion when it makes an error of law." Koon v. United States, 116 S.Ct. 2035, 2047 (1996). The evidence could have persuaded a juror that reasonable doubt existed as to the alienage element. Therefore, we cannot say the error was harmless. See United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir.1997). United States v. Ibarra, 3 F.3d 1333, 1334-35 (9th Cir.1993), is inapposite because the defendant there was not claiming derivative citizenship.
 The district court compounded its error by incorrectly instructing the jury that "as a matter of law ... the person described in the Immigration documents ... is an alien." Deportation orders do not establish alienage. See Meza-Soria, 935 F.2d at 170. By contrast, in United States v. Amparo, 68 F.3d 1222, 1225 (9th Cir.1997), the instruction stating that a sawed-off shotgun is a crime of violence was legally correct.
 VACATED and REMANDED.
 
 TROTT, Circuit Judge, Dissenting:
 
 1
 I respectfully disagree. The excluded evidence could not have persuaded a juror that a reasonable doubt existed as to alienage because as a matter of law, it could not establish derivative citizenship. Why? Because there is no evidence in the record that the petitioner's mother lived in the United States for the statutory period. See 8 U.S.C. § 1401(g) (West Supp.1996). Accordingly, the district court was right to exclude the matter from the jury's conjecture. The majority's decision ignores United States v. Aguilar, 883 F.2d 662, 692-93 (9th Cir.1989) in which we said, "[I]f the defendants' offer of proof is deficient with regard to any of the four elements [of a four element test], the district judge must grant the motion to preclude evidence [of the defense] of necessity." (emphasis added). Even if the court erred, the error here was clearly harmless for the same reason.
 
 
 2
 As to the instructional issue, once again the district court was on solid ground. This instruction and this case are indistinguishable from United States v. Gomez, 87 F.3d 1093, 1097 (9th Cir.1996), and United States v. Amparo, 68 F.3d 1222, 1225 (9th Cir.1997).
 
 
 3
 I respectfully dissent.
 
 
 
 **
 The honorable Floyd R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3