**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**AUG 18 2000**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

RONALD DAVID SUTHERLAND,

      Petitioner - Appellant,

vs.

L. E. FLEMMING,

      Respondent - Appellee.

No. 00-6038
(D.C. No. 99-CV-264-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

      Petitioner-Appellant Ronald Sutherland seeks to appeal from the denial of his habeas petition, 28 U.S.C. § 2241. In 1994, Mr. Sutherland was convicted of unlawful possession of a machine gun, 18 U.S.C. §§ 922(o), 924(a)(2), and was sentenced to 51 months federal imprisonment in the custody of the Bureau of Prisons (BOP) and three years supervised release. Upon completion of a

---

     [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

     [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

substance abuse treatment program, Mr. Sutherland sought a one year reduction in his sentence under 18 U.S.C. § 3621(e)(2)(B). The BOP denied his request, pointing out that such a reduction was only available to prisoners "convicted of a nonviolent offense," id., and possession of a machine gun was considered a crime of violence. Mr. Sutherland challenged this determination before the district court, asserting that mere possession of a machine gun should not be viewed as a crime of violence. He also sought a declaratory judgment that the notice provisions of 18 U.S.C. § 4042(b) do not apply to him. The district court denied his petition and we affirm.[1]

The only questions raised in this appeal are legal and we accordingly review the decision of the district court de novo. Our review of the BOP's action related to the § 3621(b)(e)(2)(B) challenge is limited to determining "whether the BOP exceeded its statutory authority." Fristoe v. Thompson, 144 F.3d 627, 630-31 (10th Cir. 1998). See also Taylor v. United States Bureau of Prisons, No. 98-3176, 1999 WL 84249, at **2 (10th Cir. Feb. 22, 1999) (applying limited review to BOP decision that conviction for being a convicted felon in possession of a firearm was a crime of violence for purposes of § 3621(e)(2)(B)). The § 4042(b) question, however, does not implicate a duly enacted agency regulation, and we

---

[1]Mr. Sutherland also sought relief in the district court from a BOP decision that he has a conviction for aggressive or intimidating behavior. However, this issue is not raised on appeal and we need not address it.

therefore address that issue without any deference to the BOP's interpretation. See Royce v. Hahn, 151 F.3d 116, 123 (3d Cir. 1998).

18 U.S.C. § 3621(e)(2)(B) states:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

The BOP has interpreted this provision as a grant of discretionary authority to reduce sentences unless the prisoner has been convicted of a "crime of violence." 28 C.F.R. § 550.58(a)(1)(vi)(B), the regulation interpreting § 3621(e)(2)(B), specifically excludes from sentence reduction eligibility those inmates who have been convicted of a felony that "involved the carrying, possession, or use of a firearm . . . ." See also BOP Program Statement 5162.04 (1997).

The BOP's characterization of possession of a machine gun as a crime of violence is a reasonable interpretation of § 3621(e)(2)(B). See Cook v. Wiley, 208 F.3d 1314, 1322 (11th Cir. 2000) (noting that BOP's interpretation of "nonviolent offense" under § 3621(e)(2)(B) need only be reasonable to be upheld). In order to qualify as a violent crime, the underlying conviction need not involve the actual use of force or violence. Rather, it need only involve "a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(b).

Possession of a machine gun, by its very nature, involves a substantial risk of violence or force, see United States v. Amparo, 68 F.3d 1222, 1226 (9th Cir. 1995) (upholding jury instruction that possession of a sawed-off shotgun was a "crime of violence" under § 924(c)(3)(B)), and the BOP did not act outside its authority by characterizing § 922(o) offenses as crimes of violence.[2]

Mr. Sutherland's second claim involves the notification provision of 18 U.S.C. § 4042(b), which requires the BOP to give notice to local law enforcement at least five days before releasing a prisoner into the local community. This requirement applies to all prisoners who have been convicted of "a crime of violence (as defined in section 924(c)(3))." 18 U.S.C. § 4042(b)(3)(B). Mr. Sutherland criminal history includes several burglaries, including a 1977 Texas conviction for "Burglary of a Building." The sole question we address is whether this burglary conviction is properly characterized as a crime of violence under § 924(c)(3).

In determining what constitutes a "crime of violence," we look only to the statutory definition of the crime itself, and not the underlying facts of the specific

---

[2]Despite Mr. Sutherland's contentions to the contrary, the BOP's action does not conflict with our decisions in Ward v. Booker, 202 F.3d 1249 (10th Cir. 2000) and Fristoe v. Thompson, 144 F.3d 627 (10th Cir. 1998). Those cases held that the BOP may not consider sentencing factors in determining whether a prisoner had committed a crime of violence. Because the BOP based its decision upon Mr. Sutherland's conviction, rather than any sentencing enhancements, neither Fristoe nor Ward is relevant.

case.  See United States v. Reyes-Castro, 13 F.3d 377, 379 (10th Cir. 1993); see also Amparo, 68 F.3d at 1224-25 (discussing application of categorical approach to § 924(c)(3) analysis).  This court was faced with a similar question in United States v. Frias-Trujillo, 9 F.3d 875 (10th Cir. 1993).  In that case, we upheld the determination that a Texas burglary was a crime of violence for purposes of 18 U.S.C. § 16 (definitional section).  Id. at 877.  The language of § 924(c)(3)(B) is almost identical to that of § 16(b), and we find the reasoning of Frias-Trujillo persuasive.  We hold that burglary of a building is always a crime of violence under § 924(c)(3)(B) because it involves a substantial risk that physical force may be used against the property of another.  Therefore, the BOP's anticipated application of the § 4042(b) notification requirements to Mr. Sutherland is proper.[3]

We GRANT the motion to proceed in forma pauperis, and AFFIRM.

---

[3]Our decisions in United States v. Smith, 10 F.3d 724 (10th Cir. 1993) and United States v. Bennett, 108 F.3d 1315 (10th Cir. 1997) are not to the contrary. Both of those cases involved the interpretation of a "crime of violence" under § 4B1.2 of the Sentencing Guidelines.  In key part, § 4B1.2(a)(2) only includes burglaries of a dwelling or those which involve "conduct that presents a serious potential risk of physical injury to another."  Noticeably absent from this definition is the substantial risk to the property of another.  Therefore, neither of those cases is determinative for § 924(c)(3)(B).

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge