UNITED STATES of America,
Plaintiff—Appellee,

v.

Terry Lynn BEYDLER, Defendant—
Appellant.

No. 98–30112.

D.C. No. CR–94–00289–01–HA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 2002.

Decided Sept. 25, 2002.

Before GOODWIN, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM *

Terry Beydler appeals the district court's denial of his motion to dismiss based on the Speedy Trial Act [1] (STA) and the district court's inclusion of a jury instruction to which he objected. We affirm.

I. *Denial of Motion to Dismiss*

Beydler argues that the district court erred [2] in finding an "ends of justice"

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 18 U.S.C. §§ 3161–62.

2. We review a district court's application of the STA *de novo* and the factual findings for clear error. *E.g., United States v. Lam,* 251 F.3d 852, 855, *amended by* 262 F.3d 1033 (9th Cir.2001). Therefore, we may only reverse a district court's finding of an "ends of justice" excludable delay if there is clear error. *Unit-*

excludable delay without an adequate inquiry on the record. We reject Beydler's argument because we find that the district court's inquiry into the reasons supporting the delay was sufficient.

The district court's inquiry touched on the two STA factors applicable to this case:[3] (1) whether failure to find excludable delay would make continuing the proceeding impossible or result in a miscarriage of justice;[4] and (2) "[w]hether the failure to grant such a continuance ... would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."[5] The two reasons the district court relied upon satisfy the STA "ends of justice" requirements: the reasons directly implicate the appropriate statutory factor, and the district court adequately inquired regarding these reasons on the record.[6]

Beydler's contention that the district court failed to make an adequate inquiry lacks merit. First, the district court questioned the prosecutor about why the prosecutor could not use previous testimony from witnesses, but was persuaded that this would not be a complete solution be-

cause one critical witness had not testified at the first trial. Second, Beydler bears some responsibility because he initially requested a delay.[7] Third, the district court made a general inquiry into the possibility of substituting prosecutors.[8] The court again determined that substituting prosecutors would not be an adequate solution because the current prosecutor had tried the case before and there was little time for another prosecutor to become familiar with the case.

■ It does not change our analysis that the district court erred when it weighed dismissal without prejudice as a factor in favor of finding excludable delay. The only way the district court properly could have considered whether dismissal would be with or without prejudice in its excludable delay decision would be in reference to the miscarriage of justice factor in § 3161(h).[9] If failure to grant a continuance would have resulted in a dismissal *with* prejudice, such a dismissal might constitute a miscarriage of justice and weigh in favor of granting the continuance. However, the district court in this case determined that the possibility of a dismissal *without* prejudice weighed in favor of granting the continuance. The district court's reliance upon this reason was in

---

ed States v. Ramirez–Cortez, 213 F.3d 1149, 1153 (9th Cir.2000).

**3.** Several factors justify STA delays. *See* 18 U.S.C. § 3161(h)(8)(B). The second and third factors relate to the complexity of the case and are not implicated here. *Id.* § 3161(h)(8)(B)(ii)-(iii).

**4.** *Id.* § 3161(h)(8)(B)(i).

**5.** *Id.* § 3161(h)(8)(B)(iv).

**6.** *See United States v. Lloyd,* 125 F.3d 1263, 1268–69 (9th Cir.1997); *see also* 18 U.S.C. § 3161(h)(8)(A)-(B); *United States v. Lewis,* 980 F.2d 555, 560 (9th Cir.1992) ("[T]he dis-

trict court must make its findings reasonably explicit and set forth those findings with particularity.").

**7.** *Lewis,* 980 F.2d at 562 ("Where a defendant's own actions contribute to the need for an 'ends of justice' continuance ... the defendant cannot complain that a continuance violates his or her speedy trial rights.").

**8.** *See Lloyd,* 125 F.3d at 1271 (providing a non-exclusive list of factors to consider when evaluating whether substitution of prosecutors would be an appropriate solution rather than an STA delay).

**9.** 18 U.S.C. § 3161(h)(8)(b)(i).

error. However, because the district court's other reasons were sufficient to find an "ends of justice" excludable delay, this error does not change our analysis.

Under these circumstances, we conclude that the district court's inquiry into the situation at the time of the delay request was sufficient,[10] and we affirm.

## II. *Inclusion of Jury Instruction*

Beydler argues that the district court erred [11] in including a jury instruction that the jurors were to "seek the truth." We reject Beydler's argument because when, as in this case, the instructions as a whole inform the jury as to the correct standard of proof, a further instruction to seek the truth does not violate due process.[12]

**AFFIRMED.**

---

10. *Cf., e.g., Ramirez–Cortez,* 213 F.3d at 1154 (finding that a six-week continuance violated the STA where the magistrate judge "made no inquiry into the need for the continuance," did not consider the ends of justice factors, and the only reason the record reflected was to allow the parties to work on a plea agreement); *Lloyd,* 125 F.3d at 1265–68 (finding that 393 days between issuance of mandate and retrial violated the STA where the district court failed to hold a hearing, simply credited the unsubstantiated assertions of one attorney about scheduling problems, conducted "no independent inquiry," and found a need for continuity of counsel where the record did not substantiate an attorney-client relationship warranting protection).

11. We review jury instructions "as a whole to determine whether they are misleading or inadequate to guide the jury's deliberation." *United States v. Vallejo,* 237 F.3d 1008, 1024, *amended by* 246 F.3d 1150 (9th Cir.2001). We review *de novo* whether a jury instruction violates due process. *United States v. Amparo,* 68 F.3d 1222, 1224 (9th Cir.1995).

12. *United States v. Goodlow,* 597 F.2d 159, 163 (9th Cir.1979) (holding that an instruction to seek the truth does not violate due process when the judge appropriately instructs the jury on the applicable burden of proof).