**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**William Glenn SATTERLEE,
Defendant—Appellant.**

No. 07–10331.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 2008.

Filed July 17, 2008.

---

Sherrill Laprade Carvalho, Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Ann H. Voris, Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before: McKEOWN and GOULD, Circuit Judges, and SCHIAVELLI *, District Judge.

### MEMORANDUM **

Defendant–Appellant William Satterlee ("Satterlee") appeals his conviction for the attempted use of a facility of interstate commerce (here, the Internet) to induce a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b). Satterlee was convicted and sentenced to 60 months in custody and 120 months of supervised release. He appeals his conviction and the district court's refusal to release him on bail pending appeal. We affirm.

At Satterlee's trial, the prosecution presented evidence that Satterlee entered an Internet chat room, where he chatted with another member who used the name "ChasityR13." ChasityR13 appeared to be a thirteen-year-old, seventh-grade girl who

---

* The Honorable George P. Schiavelli, District Judge, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

lived with her parents in Turlock, California. Satterlee sent ChasityR13 a picture of a penis that he said was his, asked ChasityR13 whether she had ever tried oral sex, told her he would like to kiss her and lick her, asked whether she was a virgin, and made plans to meet at a Del Taco restaurant (a fast-food restaurant) and later go to a hotel for sex. Satterlee promised to bring condoms so that ChasityR13 would not get pregnant.

Unfortunately for Satterlee, ChasityR13 was not a thirteen-year-old, seventh grade girl, but instead was undercover detective Ken Hendrick. Hendrick was assigned to an Internet Crimes Against Children Task force in Stanislaus County, California and regularly posed as a young person online in the hope of catching sexual predators.

Shortly before the time when Satterlee was set to meet ChasityR13, officers observed him arrive at the Del Taco and then register at a nearby motel. When he returned to the Del Taco, he was arrested. Officers then found on his person KY Jelly lubricant, half a Viagra pill, and the key to the motel room. They also found condoms, sexual magazines, and a towel in the hotel room. Based on the evidence, Satterlee was prepared to engage in sexual relations with the person he planned to meet at the Del Taco.

Satterlee testified at trial that he believed that ChasityR13 was an adult woman. On rebuttal, the prosecution called Dr. Trompetter, a psychologist who had examined Satterlee. He testified that Satterlee had told him that he believed he was meeting a young girl, and that he did not really plan, after second thoughts, to have sex with the girl.

After his conviction, Satterlee moved for a new trial and for release pending sentencing. The district court, applying the statutory standard found at 18 U.S.C. § 3143 and hearing additional testimony

from Dr. Trompetter, denied both motions. After sentencing, Satterlee requested release pending appeal, but the district court refused. We now consider each of Satterlee's arguments in turn.

▮▮▮ First, Satterlee argues that he was convicted under a statute that is void for vagueness and overbroadth. We review this claim de novo, *United States v. Purdy*, 264 F.3d 809, 811 (9th Cir.2001), and conclude that 18 U.S.C. § 2422(b) is not vague or overbroad, and is not rendered so by reference to CAL.PENAL CODE § 288.2(b). Contrary to Satterlee's argument, these statutes do not criminalize mere "use of the Internet" but are directed toward the inducement of minors to have physical sexual activity. *See United States v. Dhingra*, 371 F.3d 557, 560–62 (9th Cir.2004) ("In contrast [to the unconstitutional statute considered in *Reno v. ACLU*, 521 U.S. 844, 851–52, 117 S.Ct. 2329, 138 L.Ed.2d 874 (1997),] the terms 'persuade,' 'induce,' 'entice,' and 'coerce,' as used in § 2422(b), have a plain and ordinary meaning that does not need further technical explanation. More important to our analysis, lack of definitions for these terms poses no danger of chilling legitimate speech."); *United States v. Meek*, 366 F.3d 705, 721 (9th Cir.2004) ("The potential for unconstitutional chilling of legitimate speech disappears because § 2422(b) requires the prosecution to prove that a defendant actually knows or believes that the specific target of the inducement is a minor."). The statute gives persons of ordinary intelligence reasonable notice of what was prohibited.

▮▮▮ Second, Satterlee argues that the jury instructions misstated elements of the relevant statutes, thus denying him due process. We review this claim de novo as well, *United States v. Amparo*, 68 F.3d 1222, 1224 (9th Cir.1995), and conclude

that Satterlee reads the instructions too broadly. The instructions made clear that he could be convicted only if he intended to seduce a minor into engaging in physical sexual contact with him. *See Dhingra,* 371 F.3d at 561 n. 6. Accordingly, Satterlee's argument fails.

■ Third, Satterlee challenges the sufficiency of the evidence to convict him, but there was ample evidence that he intended to have sex with a thirteen-year-old girl and took concrete steps to do so, including procuring condoms, Viagra, jelly lubricant, and a motel room.

■ Fourth, Satterlee argues that his remand into custody following trial and sentencing violated the Eighth Amendment ban on excessive bail and cruel and unusual punishment. We review constitutional questions de novo, but review the district court's factual determinations on issues such as whether the defendant poses a threat to the community for clear error. *United States v. City of Spokane,* 918 F.2d 84, 86 (9th Cir.1990). We conclude that Satterlee waived this argument by failing to raise it in the court below, but we exercise our discretion and review it because it is a question of law, *see Scott v. Ross,* 140 F.3d 1275, 1283 (9th Cir.1998), and we reject Satterlee's claim.

■ The Bail Reform Act generally requires the detention of defendants who have been convicted of "violent crimes" as defined by that statute, 18 U.S.C. § 3143(a)(2), and Satterlee's crime falls into that definition. Detention is not categorically required, as Satterlee maintains; the defendant may be released post-trial if certain conditions are met. *Id.* After a hearing, the district court concluded that these standards were not met because Satterlee posed a risk to the public. *United States v. Salerno* makes clear that the Eighth Amendment does not require bail

in such circumstances: "[W]hen Congress has mandated detention on the basis of a compelling interest other than prevention of flight ... the Eighth Amendment does not require release on bail." 481 U.S. 739, 754–56, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Prevention of crime by arrestees is a compelling interest, *Id.* at 748, 107 S.Ct. 2095, and Satterlee has no argument that the district court's determination that he is a threat to the public was clear error. There was reason to be concerned that, if freed, Satterlee would offend again with a minor victim. We reject his Eighth Amendment argument.

■ Fifth, Satterlee argues that the district court erred by permitting Dr. Trompetter's impeachment testimony. The district court's decision to admit the testimony is reviewed for abuse of discretion. *United States v. Milner,* 962 F.2d 908, 912 (9th Cir.1992). Satterlee testified that he believed that ChasityR13 was an adult woman, and the district court permitted Dr. Trompetter to testify that Satterlee had told him that he thought that ChasityR13 was a thirteen-year-old girl. Satterlee's statements to Dr. Trompetter are relevant to his intent, a key issue at the trial. Accordingly, the district court did not abuse its discretion.

■ Finally, Satterlee argues that the district court erred by refusing to permit him to present lay testimony about the anonymous nature of the Internet and clips from a television show and from a movie during his closing argument. The district court concluded that the testimony was irrelevant, duplicative, disruptive of the proceedings, and a presentation of matter not in evidence. We hold that the district court did not abuse its discretion. Satterlee's witnesses would have testified only that the Internet was anonymous, but Satterlee and Officer Hendrick had both already testified to that fact and in any

case it is not very probative of the question of whether Satterlee actually thought that he was talking to a young girl when chatting with ChasityR13. For the same reasons, Satterlee's television and movie clips were properly excluded.

**AFFIRMED.**

* The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.