**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> v. <br><br> JOE ARVISO BENALLY, *Defendant-Appellant.* | No. 14-10452 <br><br> D.C. No. 3:13-cr-08095-GMS-1 <br><br> ORDER AND AMENDED OPINION |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted April 11, 2016
San Francisco, California

Filed August 1, 2016
Amended November 7, 2016

Before: Dorothy W. Nelson, John T. Noonan,
and Diarmuid F. O'Scannlain, Circuit Judges.

Order;
Opinion by Judge Noonan

# SUMMARY[*]

## Criminal Law

The panel filed an order amending an opinion filed August 1, 2016, and denied a petition for rehearing, in a case in which the panel reversed a conviction for using a firearm in connection with a "crime of violence" under 18 U.S.C. § 924(c).

In the August 1, 2016, opinion, the panel held that involuntary manslaughter under 18 U.S.C. § 1112, which requires a mental state of only gross negligence, prohibits conduct that cannot be considered a "crime of violence" under 18 U.S.C. § 924(c)(3), and therefore cannot qualify under the categorical approach.

In the order amending the opinion, the panel noted that *Voisine v. United States*, 136 S. Ct. 2272 (2016), suggested that reckless conduct can constitute a crime of violence. The panel wrote that it need not resolve any tension regarding the inclusion of reckless conduct because the government conceded that § 1112 – which requires a mental state of only gross negligence – prohibits conduct that cannot be a "crime of violence," even after *Voisine*.

The panel wrote that *United States v. Springfield*, 829 F.2d 860 (9th Cir. 1987), which held that involuntary manslaughter under § 1112 is a "crime of violence" for purposes of § 924(c)(3)), is no longer good law because it is

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

clearly irreconcilable with the reasoning and results of *Leocal v. Ashcroft*, 543 U.S. 1 (2004) (interpreting 18 U.S.C. § 16(a) and (b)), and *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121 (9th Cir. 2006) (en banc) (holding that neither recklessness nor gross negligence is a sufficient mens rea to establish that a conviction is for a crime of violence under § 16).

**COUNSEL**

Daniel L. Kaplan (argued), Assistant Federal Public Defender; Jon M. Sands, Federal Public Defender; Office of the Federal Public Defender, Phoenix, Arizona; for Defendant-Appellant.

Karla Delord (argued), Assistant United States Attorney; Krissa M. Lanham, Deputy Appellate Chief; John S. Leonardo, United States Attorney; United States Attorney's Office, Phoenix, Arizona; for Plaintiff-Appellee.

**ORDER**

The opinion filed on August 1, 2016 is amended as follows:

Replace the portion of the opinion that runs from the second paragraph of page 9 of the slip opinion (beginning <*Leocal* explicitly leaves open the question whether . . . >) through the end of the penultimate paragraph on page 10 (which ends < . . . and is no longer good law.>) with:

<After *Leocal*, we held that "neither recklessness nor gross negligence is a sufficient mens rea to establish that a

conviction is for a crime of violence under § 16." *Fernandez-Ruiz*, 466 F.3d at 1130. This June, the Supreme Court suggested the opposite, and held that for purposes of a similar statute—18 U.S.C. § 921(a)(33)(A)—reckless conduct indeed can constitute a crime of violence. *See Voisine v. United States*, 136 S. Ct. 2272, 2279–80, 2282 (2016). But we need not resolve any tension regarding the inclusion of reckless conduct in this case. The government concedes that § 1112, which requires a mental state of only gross negligence, prohibits conduct that cannot be a "crime of violence," even after *Voisine*. *Springfield*'s opposing rule is clearly irreconcilable with the reasoning and the results of *Leocal* and *Fernandez-Ruiz* and is no longer good law.>

With this amendment, the panel votes to deny the petition for rehearing.

No further petitions for rehearing will be entertained.

---

**OPINION**

NOONAN, Circuit Judge:

Joe Arviso Benally appeals a jury conviction for involuntary manslaughter under 18 U.S.C. §§ 1112 and 1153 and for using a firearm in connection with a "crime of violence" under 18 U.S.C. § 924(c). In a separate unpublished memorandum disposition, we address Benally's challenge to the trial proceedings and sentence. In this opinion, we address whether involuntary manslaughter can be considered a "crime of violence" under § 924(c). We hold

that involuntary manslaughter is not a "crime of violence" and reverse the § 924(c) count of conviction.

## FACTS AND PROCEEDINGS

On January 17, 2013, Carlos Harvey was shot in the chest with Benally's rifle, killing Harvey. Both Benally and Harvey lived on the same multi-house compound in a rural part of the Navajo Nation Indian Reservation in Oak Springs, Arizona. On April 30, 2013, a federal grand jury returned an indictment against Benally for the second-degree murder of Carlos Harvey and for using a firearm in connection with a "crime of violence."

At trial, the government presented evidence that, after a day of drinking, Benally shot Harvey intentionally after an argument. Other government evidence indicated that the shooting was accidental and part of a drunken game. The jury did not convict Benally of second-degree murder, but of the lesser-included offense of involuntary manslaughter. The jury, instructed to find involuntary manslaughter to be a "crime of violence," also convicted Benally of using a firearm in connection with a "crime of violence" under § 924(c). Benally appeals his conviction on both counts.

## JURISDICTION

An "Indian" who commits murder or manslaughter in "Indian country" is subject to applicable federal criminal laws. 18 U.S.C. § 1153(a). The location of the shooting here, the Navajo Nation Indian Reservation, is "Indian country" for the purposes of § 1153. 18 U.S.C. § 1151 (defining "Indian country" to include "all land within the limits of any Indian reservation under the jurisdiction of the United States

Government"). We have appellate jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

Benally's conviction under § 924(c) for use of a firearm requires a predicate "crime of violence." To determine whether Benally's conviction for involuntary manslaughter is a "crime of violence" we apply the "categorical approach" laid out in *Taylor v. United States*, 495 U.S. 575 (1990). *United States v. Amparo*, 68 F.3d 1222, 1224–26 (9th Cir. 1995); *see also United States v. Piccolo*, 441 F.3d 1084, 1086–87 (9th Cir. 2006) (as amended) (applying the categorical approach to the definition of a "crime of violence" found in U.S.S.G. § 4B1.2). Under this approach, we do not look to the particular facts underlying the conviction, but "compare the elements of the statute forming the basis of the defendant's conviction with the elements of" a "crime of violence." *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013) (describing this approach under 18 U.S.C. § 924(e)). The defendant's crime cannot categorically be a "crime of violence" if the statute of conviction punishes any conduct not encompassed by the statutory definition of a "crime of violence." *See id.*; *Piccolo*, 441 F.3d at 1086–87; *United States v. Castillo-Marin*, 684 F.3d 914, 919 (9th Cir. 2012) ("If the statute of conviction is overbroad . . . it does not categorically constitute a crime of violence.").

If the statute of conviction does not qualify as a categorical "crime of violence," we sometimes then apply the modified categorical approach, which allows us to look to a narrow set of documents that are part of the record of conviction. *See Descamps*, 133 S. Ct. at 2281; *Piccolo*, 441 F.3d at 1090. Here, the government did not argue that

the modified categorical approach applies and we need not address it. *Latu v. Mukasey*, 547 F.3d 1070, 1076 (9th Cir. 2008) ("[W]here, as here, the government has not asked us to apply the modified categorical approach, we 'consider only whether the categorical approach is satisfied.'" (quoting *Mandujano-Real v. Mukasey*, 526 F.3d 585, 589 (9th Cir. 2008)).

Accordingly, we compare the elements of § 1112, the involuntary manslaughter statute, to the definition of a "crime of violence" found in § 924(c)(3). We review de novo whether a criminal conviction is a "crime of violence" and whether a jury instruction misstated the elements of an offense. *Covarrubias Teposte v. Holder*, 632 F.3d 1049, 1052 (9th Cir. 2011) (as amended); *Amparo*, 68 F.3d at 1224.

A "crime of violence" is an offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3).

Involuntary manslaughter is the "unlawful killing of a human being without malice . . . [i]n the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death." 18 U.S.C. § 1112(a). A conviction for involuntary manslaughter requires, at a minimum, a mental state of "'gross negligence,' defined as a 'wanton or reckless disregard for human life.'" *United States v. Pineda-Doval*, 614 F.3d 1019, 1038–39 (9th Cir. 2010) (quoting *United*

*States v. Crowe*, 563 F.3d 969, 973 (9th Cir. 2009) (citation omitted)).

In *United States v. Springfield*, 829 F.2d 860 (9th Cir. 1987), we held that involuntary manslaughter under § 1112 is a "crime of violence" for the purposes of § 924(c)(3). *Id.* at 862–63. Although involuntary manslaughter does not contain a use-of-physical-force element under § 924(c)(3)(A), we held that it inherently involves a substantial risk that such force will be used under § 924(c)(3)(B) because death by involuntary manslaughter is "highly likely to be the result of violence." *Id.* at 863. Therefore, we held that involuntary manslaughter "comes within the intent, if not the precise wording, of section 924(c)(3)." *Id.* Additionally, we noted that involuntary manslaughter's requisite mental state of "gross negligence" does not exclude it from being a "crime of violence" because "Congress did not intend to limit 'crimes of violence' to crimes of specific intent." *Id.* at 863 n.1 (citing S. Rep. No. 307, 97th Cong., 1st Sess., 890–91 (1982)). *But see Park v. INS*, 252 F.3d 1018, 1023 (9th Cir. 2001), *overruled on other grounds by Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006) (en banc) (noting that the legislative history quoted did not correspond to § 924(c), but a separate provision that never became law).

Intervening Supreme Court and en banc Ninth Circuit decisions, namely, *Leocal v. Ashcroft*, 543 U.S. 1 (2004), and *Fernandez-Ruiz v. Gonzales*, 466 F.3d at 1124–32, bring *Springfield*'s result into question. A three-judge panel's holding is deemed "effectively overruled" if intervening higher authority has "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 893, 900 (9th Cir. 2003) (en banc).

*Leocal* and *Fernandez-Ruiz* discuss the mental state necessary to commit a "crime of violence." These cases do not specifically address § 924(c)(3), but instead interpret the "crime of violence" definition found in a different statutory provision, 18 U.S.C. § 16. Regardless, because the wording of the two statutes is virtually identical,[1] we interpret their plain language in the same manner. *Cf. Park*, 252 F.3d at 1022 (applying *Springfield*'s interpretation of § 924(c)(3) to a case involving § 16).

In *Leocal*, the Supreme Court parsed the phrase "use of force against the person or property of another" found in § 16(a) and (b). *Leocal*, 543 U.S. at 8–13. The Court, giving the language its "'ordinary or natural' meaning," determined that it "most naturally suggests a higher degree of intent than negligent or merely accidental conduct." *Id.* at 9 (citations omitted). While theoretically one can use force accidentally, "it is much less natural to say that a person actively [uses] physical force against another person by accident." *Id.*

The Court acknowledged that § 16(b) "sweeps more broadly than § 16(a)" by expanding the definition of "crime of violence" to include an offense carrying a "substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* at

---

[1] Under § 16, the term "crime of violence" means "(a) an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) <u>any other offense that is a felony and that</u>, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16 (emphasis added). The only substantive change is the addition of the felony requirement in subsection (b), underlined above; it does not affect the operative language used to interpret the statute's requisite mental state.

10 (citing 18 U.S.C. § 16(b)).  But because § 16(b) involves the same use-of-force-against-another formulation, the predicate crime must carry a risk of behavior involving more volition than "merely accidental or negligent conduct."  *Id.* at 10–11 ("The reckless disregard in § 16 relates *not* to the general conduct or to the possibility that harm will result from a person's conduct, but to the risk that the use of physical force against another might be required in committing a crime.").

After *Leocal*, we held that "neither recklessness nor gross negligence is a sufficient mens rea to establish that a conviction is for a crime of violence under § 16."  *Fernandez-Ruiz*, 466 F.3d at 1130.  This June, the Supreme Court suggested the opposite, and held that for purposes of a similar statute—18 U.S.C. § 921(a)(33)(A)—reckless conduct indeed can constitute a crime of violence.  *See Voisine v. United States*, 136 S. Ct. 2272, 2279–80, 2282 (2016).  But we need not resolve any tension regarding the inclusion of reckless conduct in this case.  The government concedes that § 1112, which requires a mental state of only gross negligence, prohibits conduct that cannot be a "crime of violence," even after *Voisine*.  *Springfield*'s opposing rule is clearly irreconcilable with the reasoning and the results of *Leocal* and *Fernandez-Ruiz* and is no longer good law.

Benally's § 924(c) count of conviction for using a firearm in connection with a "crime of violence" is

**REVERSED**.