**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50351 |
| Plaintiff-Appellee, | D.C. No. 5:16-cr-00024-JGB-1 |
| v. | |
| STEVEN KILTY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted December 8, 2021
Pasadena, California

Before: KELLY,** M. SMITH, and FORREST, Circuit Judges.

A jury convicted Defendant Steven Kilty of involuntary manslaughter under 18 U.S.C. § 1112. On appeal, he raises three arguments: (1) the evidence was insufficient to prove that he acted with the requisite mental state, (2) the district court erred in admitting an autopsy photograph into evidence, and (3) the district court

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

erred by denying his motion for a new trial based on newly discovered evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. **Sufficiency of the Evidence.** "We review de novo whether sufficient evidence supports a conviction . . . ." *United States v. Liew*, 856 F.3d 585, 596 (9th Cir. 2017). We first "consider the evidence presented at trial in the light most favorable to the prosecution" and then determine whether the record was "adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Reversal is warranted only on "rare occasions." *Id.* at 1167.

Kilty argues the evidence was insufficient to convict him of involuntary manslaughter. The only disputed element is whether he acted with the requisite mental state. "A conviction for involuntary manslaughter requires, at a minimum, 'gross negligence,' defined as a 'wanton or reckless disregard for human life.'" *United States v. Benally*, 843 F.3d 350, 353 (9th Cir. 2016) (citation omitted). "[C]riminal recklessness generally requires that 'a person disregards a risk of harm of which he is aware.'" *United States v. Rodriguez*, 880 F.3d 1151, 1159 (9th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "Thus, the defendant 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.*

2

(quoting same) (emphasis omitted). Relatedly, the jury must find that the defendant "had actual knowledge that his conduct was a threat to the lives of others, . . . or had knowledge of such circumstances as could reasonably be said to have made foreseeable to him the peril to which his acts might subject others." *United States v. Garcia*, 729 F.3d 1171, 1175 (9th Cir. 2013) (citation omitted). "In other words, the standard requires that the defendant 'was subjectively aware of the risk.'" *Rodriguez*, 880 F.3d at 1160 (quoting *Farmer*, 511 U.S. at 829). A jury may rely, as it did here, upon "inference[s] from circumstantial evidence" of the defendant's knowledge, such as the "risk's obviousness." *Farmer*, 511 U.S. at 840, 842.

Kilty—a licensed commercial truck driver with over 20 years' experience—parked his truck overnight, without lights or any other warning signals, in a moving traffic lane near an army base delivery checkpoint. There were no streetlights or other illumination around the checkpoint area. Around 5:00 A.M., while it was still very dark, a commuter bus smashed into the back of his parked truck, killing one passenger and injuring several others.

Kilty was trained on and aware of the hazards of parking his truck in a moving lane of traffic and the safety precautions required when placing his truck in a dangerous position. Kilty's reason for parking overnight in the moving lane of traffic was to be first in line at the checkpoint the following morning so he would not have to wait as he had before. This shows that he knew other vehicles would be coming

3

up behind him. Viewed in the light most favorable to the prosecution, the evidence also indicated that Kilty was aware of the surrounding circumstances and considered taking safety precautions but chose not to do so, at least in part, because he did not want to drain his truck battery.

Kilty testified that he did not believe he and his truck were in an unsafe area, and he presented other evidence disputing that he was subjectively aware of the risk. Ultimately the jury, properly instructed on the law, evaluated all the evidence and found that Kilty was "subjectively aware of the risk" he had created. *Rodriguez*, 880 F.3d at 1159 (quoting *Farmer*, 511 U.S. at 829, 837). We conclude that this was not error; the evidence of record was adequate to allow a "rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *Nevils*, 598 F.3d at 1164 (citation omitted).

**2. *Autopsy Photo*.** Though Kilty argues otherwise, we review a district court's admission of evidence and Federal Rule of Evidence 403 determination for an abuse of discretion when the district court engages in explicit balancing, as we conclude it did here. *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) (en banc); *see also United States v. Boulware*, 384 F.3d 794, 808 n.6 (9th Cir. 2004). Relevant evidence may be excluded if its "probative value is substantially outweighed by [the] danger of . . . unfair prejudice." Fed. R. Evid. 403. Evidence is unfairly prejudicial if it "provokes an emotional response in the jury or otherwise

4

tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Pineda-Doval*, 614 F.3d 1019, 1035 (9th Cir. 2010) (citation omitted).

Kilty argues admission of the challenged autopsy photo was unnecessary because he offered to stipulate that the accident caused the victim's death and other admitted photos and testimony proved the cause of death. We conclude that the district court did not abuse its discretion. Death of the victim was an essential element of the offense. The government limited any prejudice by showing the challenged photo only briefly during its case-in-chief. Further, "a defendant's Rule 403 objection offering to concede a point generally cannot prevail over the Government's choice to offer evidence," *Old Chief v. United States*, 519 U.S. 172, 183 (1997), and does not prevent the government from "prov[ing] its case by evidence of its own choice." *Id.* at 186, 189.

**3.** ***Motion for New Trial.*** We review the denial of a motion for a new trial based on newly discovered evidence for abuse of discretion. *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc). However, we review "de novo the denial of a motion for a new trial arising from the government's duty to produce exculpatory evidence pursuant to *Brady* [*v. Maryland*, 373 U.S. 83 (1963)]."

*United States v. Bruce*, 984 F.3d 884, 890 (9th Cir. 2021).[1] A new trial may be granted "if the interest of justice so requires." Fed. R. Crim. P. 33(a). This standard is met where the defendant shows, among other requirements, that "the evidence was not cumulative or merely impeaching," and that "a new trial, if granted, would probably result in an acquittal." *United States v. George*, 420 F.3d 991, 1000 (9th Cir. 2005). If a defendant argues that the newly discovered evidence constitutes a *Brady* violation, then the defendant must prove prejudice, which occurs "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Ochoa v. Davis*, 16 F.4th 1314, 1334 (9th Cir. 2021) (citation omitted); *see also Bruce*, 984 F.3d at 894–95.

Kilty argues that he is entitled to a new trial under both standards. The evidence he seeks to introduce—emails from the army base's chief engineer who started working at the base after the accident at issue—relates to a different collision that occurred years after the accident at issue and the engineer's comments about the safety of the checkpoint area. It is questionable whether these emails could have been admitted given that they relate to a different, later-occurring event. *See United States v. Sarno*, 73 F.3d 1470, 1505 (9th Cir. 1995) (holding inadmissible evidence

---

[1] "[T]here is some tension in our case law concerning the correct standard of review for these appeals." *Bruce*, 984 F.3d at 890 n.1 (citing *United States v. Endicott*, 803 F.2d 506, 514 (9th Cir. 1986)). However, just as in *Bruce*, the court need not decide this issue because "[t]he outcome here does not depend on the standard of review." *Id.*

was not *Brady* material). The authoring engineer's statements about safety at the checkpoint were also speculative and cumulative of evidence that was presented. *United States v. Waggoner*, 339 F.3d 915, 919 n.5 (9th Cir. 2003) (quoting *Sarno*, 73 F.3d at 1506). Thus, either as *Brady* or non-*Brady* evidence, Kilty cannot show that the district court erred by denying his motion for a new trial.

**AFFIRMED.**