**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DOMINIC DORSEY, AKA Boo, AKA Boogaloo, AKA Dominic Cavanaughn Dorsey,

Defendant-Appellant.

No.   19-50182

D.C. No.
2:14-cr-00328-CAS-1

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted May 15, 2024
Pasadena, California

Before:  COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Dominic Dorsey was convicted after a jury trial of Hobbs Act robbery and

conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and

of brandishing a firearm during a crime of violence in violation of 18 U.S.C.

§ 924(c)(1)(A)(ii), (c)(1)(C)(i). Dorsey appealed, arguing that the district court

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

erred by (1) not asking the jurors whether they had seen an allegedly prejudicial news article discussing the trial, and (2) determining that Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c).[1] Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

1. "We review a district court's actions regarding alleged improper influences on the jurors' deliberation for abuse of discretion." *United States v. Waters*, 627 F.3d 345, 362 (9th Cir. 2010). The district court did not abuse its discretion by failing to question jurors about whether they read a Los Angeles Times article discussing the trial. A district court has a duty "to take positive action to ascertain the existence of improper influences on the jurors' deliberative qualifications and to take whatever steps are necessary to diminish or eradicate such improprieties." *United States v. Polizzi*, 500 F.2d 856, 880 (9th Cir. 1974) (quoting *Silverthorne v. United States*, 400 F.2d 627, 643 (9th Cir. 1968)). The district court, however, reached the reasonable conclusion that prejudice was unlikely, and that the news story was, "on balance, likely *favorable*—not substantially adverse—to defendants." The news article, moreover, was published just hours before jury deliberations and may not have been seen by the jurors. Rather than draw the jurors' attention to the article, the district court acted properly

---

[1] Dorsey also argued that the district court erred by admitting a witness's improper lay opinion testimony. We have addressed this argument in a separate opinion filed concurrently with this memorandum disposition.

within its discretion by relying on its previous instructions "not to read [any news articles]" and to "rely solely on what happens . . . in the courtroom." *See Polizzi*, 500 F.2d at 880–81 (explaining that a judge's questioning about an article could itself be prejudicial by "accentuat[ing] controversial issues" or by inciting the jurors' curiosity and thus counterproductively encouraging attempts to read the article); *see also United States v. Schiro*, 679 F.3d 521, 530 (7th Cir. 2012) (holding that stories which "would have been very unlikely to influence the verdict" do not give rise to a "duty to voir dire jurors about media coverage").

2. We review de novo a district court's determination that a conviction is a crime of violence under 18 U.S.C. § 924(c). *See United States v. Benally*, 843 F.3d 350, 353 (9th Cir. 2016). Our decision in *United States v. Eckford*, 77 F.4th 1228 (9th Cir. 2023), forecloses Dorsey's arguments that neither Hobbs Act robbery nor aiding and abetting Hobbs Act robbery constitute a crime of violence.

**AFFIRMED.**